**WO**                                                                                               SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Michael Miller, | No. CV 11-0164-TUC-DCB |
| Plaintiff, | **ORDER** |
| vs. | |
| Craig Apker, et al. | |
| Defendants. | |

Plaintiff Terry Michael Miller filed this civil rights action under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against various personnel working at the United States Penitentiary (USP) in Tucson, Arizona. (Doc. 1.) Defendants Dr. Charles Weber and Ryan C. Johnson move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 23.)

The Court will grant the motion and dismiss Weber and Johnson.

**I.     Background and Summary of Motion**

In Count I of his Complaint, Plaintiff alleged that, in violation of the Eighth Amendment, Defendants were deliberately indifferent to Plaintiff's serious medical and dental needs.[1] (Doc. 1.)

---

[1] Plaintiff also named additional Defendants, and the Court ordered service on Defendants Apker, Norgren, Khan, Lawrence, Dunigan, Heard, Weber, and Johnson. (Doc. 8.) The pending motion relates only to Weber and Johnson.

Defendants contend that as Public Health Services (PHS) Officers, they cannot be sued in a <u>Bivens</u> action, arguing lack of subject matter jurisdiction or failure to state a claim..

## II.     Motion to Dismiss

### A.     Legal Standard—Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction" and possess only that power authorized by the Constitution or statute. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction"; the burden of establishing jurisdiction is on the party asserting jurisdiction. <u>Id.</u> Limitations on the court's jurisdiction must neither be disregarded nor evaded. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). The Court is obligated to determine whether it has subject matter jurisdiction. <u>See Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1116 (9th Cir. 2004); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

On a motion to dismiss a complaint for lack of subject matter jurisdiction as a matter of law, the well-pled material facts alleged in the complaint are taken as true. <u>See Orsay v. U.S. Dep't of Justice</u>, 289 F.3d 1125, 1127 (9th Cir. 2002); <u>Whisnant v. United States</u>, 400 F.3d 1177, 1179 (9th Cir. 2005). When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction; the court is not restricted to the face of the pleadings. <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988), citing <u>Land v. Dollar</u>, 330 U.S. 731, 735 n. 4 (1947) ("when a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist."); <u>Biotics Research Corp. v. Heckler</u>, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

///

///

### B. Parties' Contentions

#### 1. Defendants

Defendants assert that they are officers of the PHS and that the Public Health Service Act (PHSA), 42 U.S.C. § 233(a), precludes Bivens actions against PHS personnel for alleged constitutional violations arising out of their duties. (Doc. 23 at 3, citing Hui v. Castaneda, --- U.S. --- , 130 S. Ct. 1845 (2010).) In support of the motion, they submit their declarations. Ryan Johnson attests that he is a Lieutenant Junior Grade in the PHS, stationed at the Federal Correctional Complex, Tucson, Arizona since August 2009. He is a registered nurse. (Doc. 23, Ex. A ¶¶ 1-2.) Weber attests that he is a Commander in the PHS and a dentist and Doctor of Dental Surgery, licensed in Pennsylvania. (Id. Ex. B ¶ 1.) During the relevant time period, they were active duty commissioned officers of the PHS acting within the scope of their employment. (Id. Ex. A ¶¶ 2,4, Ex. B ¶¶ 2, 4.)

#### 2. Plaintiff

In his response, Plaintiff does not dispute that Defendants were PHS officers at the time in question. (Doc. 33.) He argues that Defendants have admitted that jurisdiction is proper and that Plaintiff exhausted his administrative remedies. (Id. ¶¶ 2, 4.) He asserts that Defendants' sole opposition to the Complaint is that he failed to exhaust his administrative remedies. (Id. ¶ 7; ref. Doc. 27.)

#### 3. Reply

In their reply, Defendants argue that Plaintiff's response does not contradict or respond to Defendants' assertion that they are Commissioned PHS Officers acting within the scope of their employment and that the PHSA precludes Bivens actions against them. (Doc. 34.)

### C. Analysis

The Court will grant the motion to dismiss on the grounds that the Court lacks subject matter jurisdiction to adjudicate a Bivens claim against Weber and Johnson. In Hui, the Supreme Court specifically held that 42 U.S.C. § 233(a) precludes Bivens actions against individual PHS officers and employees for alleged harms committed while acting within the

- 3 -

1 scope of their employment. 130 S. Ct. at 1854. Under § 233(a), the Federal Tort Claims Act (FTCA) is the exclusive remedy. Plaintiff does not dispute that Weber and Johnson are PHS officers. As Defendants note, he does not address the issue in the Motion to Dismiss.

Taking the allegations in the Complaint as true, Defendants' actions were within the scope of their employment at USP-Tucson. The Court lacks subject matter jurisdiction over Plaintiff's Bivens claim against Weber and Johnson, and they will be dismissed.

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. 23) is **granted**; Weber and Johnson are dismissed.

(2) The remaining claims are against Defendants Apker, Norgren, Khan, Lawrence, Dunigan, and Heard.

DATED this 29th day of May, 2012.

David C. Bury
United States District Judge